Alexander Sikoscow (AS4076)
COZEN O'CONNOR
45 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 509-9400
Facsimile (212) 509-9492


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                     Civil Case No. 07-CV-10443
--------------------------------------------------------------------X
HALPERN DENNY FUND II, L.P., NEW ENTERPRISE
ASSOCIATES VI, LIMITED PARTNERSHIP, and NEW
ENTERPRISE ASSOCIATES VII, L.P.,                          **ANSWER AND
                                                          AFFIRMATIVE
                                      Plaintiffs,           DEFENSES**

            - against –

MARK NEUENSCHWANDER,                                      JURY TRIAL DEMANDED

                                      Defendant.
--------------------------------------------------------------------X

Defendant MARK NEUENSCHWANDER in response to the complaint filed by
plaintiffs Halpern Denny Fund II, L.P., New Enterprise Associates VI, Limited Partnership, and
New Enterprise Associates VII, L.P., hereby responds as follows:

## JURISDICTION AND VENUE

1.      Defendant admits that the controversy exceeds, exclusive of interest and costs, the
sum or value of $75,000.

2.      Defendant is a citizen and resident of the State of Washington.  On information
and belief, defendant alleges that plaintiffs are not residents or citizens of the State of
Washington.  Plaintiff Halpern Denny Fund II, L.P., is a citizen of the State of Massachusetts;
and plaintiffs New Enterprise Associates VI, Limited Partnership, and New Enterprise
Associates VII, L.P., are citizens of the State of Maryland.  Accordingly, there is diversity of

citizenship between all plaintiffs and defendant and therefore there is jurisdiction in this Court per 28 U.S.C. § 1332.

3.      Defendant alleges that venue most properly should be in the United States District Court for the Western District of Washington where the subject contract was entered into and where defendant resides.  The action was removed to this Court because it was filed in New York state court in the geographical area encompassed by the Southern District of New York.

## ANSWER TO ALLEGATIONS

4.      Defendant admits entering into a consulting agreement on or about January 20, 2006, in which the other parties included plaintiff Halpern Denny Fund II, L.P., through its stock holder representative William J. LaPoint; plaintiffs New Enterprise Associates VI, Limited Partnership, and New Enterprise Associates VII, L.P., through their stock holder representative John M. Nehra; and First Plaza Group Trust (FPGT, not a party hereto) through its assistant vice president, Nicole Stephenson.

5.      Defendant was solicited to enter into this consulting agreement at his home in Bellevue, Washington, by counsel for plaintiffs herein.  Plaintiffs' counsel asked defendant to be a consultant in litigation by plaintiffs in Delaware Chancery Court.  Defendant was to be paid up to $15,000 for providing only consulting services.  Plaintiffs, through their counsel, not only solicited defendant's services at his home in Bellevue, Washington, but sent him the consulting agreement to be signed in Bellevue, Washington, which it was.  Plaintiffs through their counsel advised defendant that he would not have to testify in the Delaware action as he was only a consultant, and they advised him that the agreement could not be amended or modified, nor any provision waived, unless by an express written amendment signed by all of the following: plaintiffs and FPGT, and their counsel, Kirkland & Ellis LLP, and by defendant.

SEADOCS:305053.1

6.      Defendant provided the consulting services requested and was paid $15,000.

7.      The information provided by defendant to plaintiffs and their attorneys was based upon the direction given defendant per the consulting agreement and plaintiffs' counsel.

8.      More than one year after entering into the consulting agreement, plaintiffs' counsel requested that defendant provide services beyond the consultation contemplated by the agreement, to include deposition testimony for the adverse party in the underlying litigation in Delaware Chancery Court.  This was inconsistent with the terms and conditions of the oral representations and the written consulting agreement, and plaintiffs and their counsel never presented defendant with an express writing amending, modifying, or waiving any provisions of the express written agreement as required.

9.      Defendant denies that he in any way acted contrary to his agreed services as a consultant to plaintiffs.

10.     Defendant is without knowledge or information sufficient to form a belief as to what information plaintiffs' attorneys provided the Delaware Chancery Court or any effort made to obtain other information, or any rulings from the Delaware Chancery Court regarding plaintiffs' expert witness and any relevance to defendant.

11.     Defendant denies that the decision by the Delaware Chancery Court regarding lost sales was affected in any way by any actions or inactions of defendant.  To the contrary, the Delaware Chancery Court on September 4, 2007, held that there was no evidence to suggest plaintiffs herein would have made additional sales during the relevant period because the subject hospital buyers purchased no software during that time, and therefore the plaintiffs were not damaged.  Defendant's limited consulting efforts for $15,000 did not directly or indirectly lead to plaintiffs' failure to prove alleged damages of $34,000,000 in the Delaware Chancery Court

SEADOCS:305053.1

litigation.

12.    To the extent not admitted or denied herein by defendant, all other allegations of liability and damages by plaintiffs are denied.

BY WAY OF FURTHER ANSWER AND/OR AS AFFIRMATIVE DEFENSES, DEFENDANT SETS FORTH THE FOLLOWING:

13.    The claims alleged by plaintiffs herein were settled by the parties per oral agreement prior to the filing of the state court litigation and its subsequent removal to this Court. A condition of the settlement was release of all of the claims alleged herein against this defendant.

14.    Plaintiffs are collaterally estopped from litigating the issue of their damages after the Delaware Chancery Court found that plaintiffs were not damaged for reasons unrelated to the services defendant was to provide under the consulting agreement.

15.    Plaintiffs' claims are barred because they are premised upon actions which are outside the scope of the consulting agreement.

16.    The subject consulting agreement included persons not parties to the present action and, therefore, is contrary to Fed. R. Civ. P. 19 because joinder of those persons is needed for just adjudication, including First Plaza Group Trust.

17.    The proper venue of this action lies in the United States District Court for the Western District of Washington.

18.    Plaintiffs have failed to serve process upon this defendant in a manner and form required by law.

19.    The New York state court from which this action was removed lacks jurisdiction over the person of defendant.

SEADOCS:305053.1

## REQUEST FOR RELIEF

WHEREFORE, having fully answered plaintiffs' complaint, defendant requests that the Court grant him the following relief:

1.    Dismiss all claims by plaintiffs with prejudice;

2.    Award defendant his costs, to include reasonable attorney fees, for defending this action; and

3.    For such other relief as the Court may deem just and equitable.

Dated:  November 30, 2007                    By:    /s/
                                                    Alexander Sikoscow (AS4076)
                                                    COZEN O'CONNOR
                                                    16th Floor, 45 Broadway
                                                    New York, New York  10006
                                                    Telephone:   (212) 509-9400
                                                    Facsimile:    (212) 509-9492

                                                    Attorneys for Defendant
                                                    MARK NEUENSCHWANDER

SEADOCS:305053.1